**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 25-4400

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

NIKONDA TAYE INGRAM,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:24-cr-00352-TDS-18)

Submitted:  April 23, 2026                                    Decided:  April 27, 2026

Before NIEMEYER, THACKER, and HARRIS, Circuit Judges.

Dismissed in part and affirmed in part by unpublished per curiam opinion.

**ON BRIEF:**  Rebecca A. Olla, LAW OFFICE OF REBECCA A. OLLA, Durham, North Carolina, for Appellant.  Julie Carol Niemeier, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Nikonda Taye Ingram pled guilty, pursuant to a written plea agreement, to conspiracy to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(B), 846. The district court varied below Ingram's advisory Sentencing Guidelines range and imposed a sentence of 120 months' imprisonment.

On appeal, Ingram's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal. Although notified of his right to do so, Ingram has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal as barred by Ingram's waiver of the right to appeal included in the plea agreement. In response, Ingram asks that we review the validity of the appeal waiver. We dismiss in part and affirm in part.

"We review an appellate waiver de novo to determine its enforceability" and "will enforce the waiver if it is valid and if the issue being appealed falls within its scope." *United States v. Carter*, 87 F.4th 217, 223-24 (4th Cir. 2023) (citation modified). "[A]n appellate waiver is valid if the defendant knowingly and voluntarily agreed to it." *Id.* at 224. To determine whether a waiver is knowing and voluntary, "we look to the totality of the circumstances, including the defendant's experience, conduct, educational background and knowledge of his plea agreement and its terms." *Id.* "When a district court questions a defendant during a Rule 11 hearing regarding an appeal waiver and the record shows that the defendant understood the import of his concessions, we generally will hold that the waiver is valid." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). Our review

2

of the record confirms that Ingram knowingly and voluntarily waived his right to appeal his conviction and sentence, with limited exceptions not applicable here.

In accordance with *Anders*, we have reviewed the entire record in this case, and we have found no meritorious grounds for appeal outside the valid waiver's scope. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm.

This court requires that counsel inform Ingram, in writing, of the right to petition the Supreme Court of the United States for further review. If Ingram requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Ingram. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*